# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Deborah Ann Byington,

        Plaintiff,      Case No. 15-cv-10016
                               Hon. Judith E. Levy
v.                              Mag. Judge Michael J. Hluchaniuk

Commissioner of Social Security,

        Defendant.

_____/

## ORDER REJECTING MAGISTRATE JUDGE'S [5] REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S [2] APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND DIRECTING SERVICE BY THE U.S. MARSHAL

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Dkt. 5), in which the Magistrate Judge recommends denying plaintiff Deborah Ann Byington's application to proceed *in forma pauperis* (Dkt. 2). Byington timely filed objections to the report. (Dkt. 6.)

District courts review *de novo* those portions of a report and recommendation to which a specific objection has been made. 28 U.S.C. § 636(b)(1)(C). "*De novo* review in these circumstances entails at least a

review of the evidence that faced the magistrate judge; the Court may not act solely on the basis of a report and recommendation." *Spooner v. Jackson*, 321 F. Supp. 2d 867, 868-69 (E.D. Mich. 2004).

A court may allow a plaintiff to commence a civil action without prepayment of fees upon submission of an affidavit demonstrating that the plaintiff "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915. A plaintiff need not be "absolutely destitute" to qualify. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.*

Plaintiff is married and has no dependents. (Dkt. 2, IFP Application 2.) She indicates that she is not employed and has no pay or wages. (*Id.* at 1.) She received no income from any sources in the 12 months preceding her application. (*Id.*) She appears to own her home and has a checking account containing $200.00 and a savings account containing $5,298.00. (*Id.* at 2.) Plaintiff has no other items of value. (*Id.*) She has monthly housing expenses of $1272.00 and monthly medical expenses of $100.00.

2

Considering this information in light of two cases, the Magistrate Judge found plaintiff has not demonstrated an inability to pay the filing fee. (Dkt. 5, Report & Recommendation 2-3.) The Court finds those cases inapposite. In the first, *Powell v. Harris*, No. 08-344, 2008 WL 4279494, at *3 (N.D.N.Y. Sept. 15, 2008), the applicant was employed and earned $350 per week, and had a savings account containing $1500. Byington, however, is unemployed and has no income. In the second, *Brown v. Dinwiddie*, 280 F. App'x 713, 715-16 (10th Cir. 2008), the applicant was a prisoner and therefore had no living expenses. Moreover, a state law expressly permitted funds from an inmate's savings account to be used for fees or costs in filing a federal action. *Id.* at 715. Here, Byington has indicated monthly living expenses equivalent to approximately one quarter of her savings. (*See* Dkt. 2.) On that basis, the Court finds Byington has demonstrated an inability to pay fees for filing a civil action.

Accordingly, the Magistrate Judge's Report and Recommendation is rejected;

Plaintiff's application to proceed *in forma pauperis* (Dkt. 2) is GRANTED; and

The U.S. Marshals Service is directed to attempt service of plaintiff's Complaint (Dkt. 1) upon the Commissioner of Social Security, using the information submitted by plaintiff in the U.S. Marshal Form 285 (Dkt. 3.)

IT IS SO ORDERED.

Dated: February 3, 2015        s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 3, 2015.

                               s/Felicia M. Moses
                               FELICIA M. MOSES
                               Case Manager